MARY DEEGAN, Administratrix, etc., Appellant, v. WIL-
LIAM CAPPEL, Respondent.

*N. Y. Supreme Court, Second Department, General Term, June 28, 1889.*

*Negligence. Question for the jury.*—Where, in an action for the recovery
of damages for personal injuries caused by the negligence of the
driver of a stage coach in defendant's employment, the inference
from the facts in the case was natural that the deceased was
knocked down and injured by the wheels of the coach, the ques-
tion of the negligence of the driver, and the contributory negli-
gence of the deceased, were for the jury upon all the facts, and a
dismissal of the complaint in such case was erroneous.

Appeal from a judgment entered on a dismissal of the
complaint.

*James C. Church*, for appellant.

*Man & Prothroe*, for respondent.

DYKMAN, J.—This is an action for the recovery of the
damages resulting from the death of William Deegan,
alleged to have been caused by the negligence of the driver
of the stage coach in the employment of the defendant.

The complaint was dismissed upon the trial at the close
of the testimony on the part of the plaintiff, and the case
comes to us on appeal from that judgment.

The deceased was crossing Fulton street in the city of
Brooklyn, on the crosswalk leading to the city hall. When
he started to cross the ctreet there was a street railroad car
coming down the track, and there was also a stage coach
going the same way in the rear of the car and between it
and the sidewalk from which the deceased man came. The
distance between the curb-stone and the rail of the railroad
was about twelve feet. The decedent crossed that space
until he came within three feet of the track, and waited for

the car to pass him, and from the time he was in that position the facts may as well be gathered from the testimony of the two witnesses who were examined upon the trial.

Frederick Muns, a police officer, says : When the car reached the cross town railroad tracks which cross at the corner of the Citizen building in front of the office, the horses of the stage were about at the tail end of the car. As the car got a little further along by the crosswalk which leads to the city hall from the Citizen building, my attention was attracted by something tumbling.   *   *   *

Q. Right after you say you saw something tumbling between the car and the stage, what did you do next ? A. The stage continued on, and after the stage passed up about ten feet, my attention was attracted to somebody lying on the street crosswalk.   I then ran over, and two or three gentlemen, with my assistance, picked him up and brought him to the Citizen building.

*Cross-examination*—Q. The next time you saw the old gentleman, was when he lay upon the ground ?   A. Well, previous to that, I saw something tumbling between the car and the wagon; on the moment, I could not distingish, what it was.

Q. Are you positive that you saw something between the car and the stage ? A. I don't mean to say that I saw something between the car and the stage; I saw something tumbling underneath by the wheels of the stage, towards the centre of the car ; what it was, I could not make out very well.

James Mara, the driver of the car, was also examined and testified as follows, among other things : He was coming out ; he was coming over from the sidewalk, he stood about three feet from the track, and I done this (indicating), and he shook his head ; when he started from the sidewalk I was about half a car length from him.

Q. After he shook his head, no, did you drive on ; did you

strike him with the front of your car? A. No, sir; I could not strike three feet outside of the track; I have only one rail to go on; I am positive of that.

This testimony showed that the deceased was not struck by the car, and that he was seen tumbling underneath the wheels of the stage, and from these facts the inference was natural that he was knocked down and injured by the wheels of the coach. Such an inference being justifiable, the question of the negligence of the driver, and the contributive negligence of the deceased, were for the jury upon all the facts, and the dismissal of the complaint was erroneous.

The judgment should be reversed and a new trial granted, with costs to the plaintiff, to abide the event.

All concur.